**DISCIPLINARY COUNSEL *v.* DETTINGER**.

**[Cite as *Disciplinary Counsel v. Dettinger*,**

**121 Ohio St.3d 400, 2009-Ohio-1429.]**

*Attorneys at law — Misconduct — Accepting loan from client without full*

*disclosure of potential conflict of interest — Six-month suspension, stayed.*

(No. 2008-2440 — Submitted February 4, 2009 — Decided April 2, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 08-027.

_____

**Per Curiam**.

{¶ 1} Respondent, James Frederick Dettinger of Toledo, Ohio, Attorney Registration No. 0023637, was admitted to the practice of law in Ohio in 1974. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months, all stayed on the condition of no further misconduct, based on findings that he accepted a loan from a client without disclosing the attendant risks of their conflicting interests. We agree that respondent violated the Code of Professional Responsibility as found by the board and that a six-month, conditionally stayed suspension is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with professional misconduct, including violations of DR 5-101(A)(1) ("a lawyer shall not accept employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's financial, business, property, or personal interests") and 5-104(A) (a lawyer shall not enter into a business transaction with a client without full disclosure of potential conflict of interest). A panel of board members heard the case, including the parties'

extensive stipulations, found the cited misconduct, and recommended the six-month stayed suspension. The board adopted the panel's findings of misconduct and recommendation.

{¶ 3} The parties have not objected to the board's report.

## Misconduct

{¶ 4} Respondent, a transactional attorney with many years in practice, borrowed $25,000 in 2002 from Sidney Zander, a long-time client and personal friend. Respondent gave Zander a promissory note for the full amount that provided for interest at the rate of five percent per annum and for payment on or before July 22, 2004, in a lump sum. Respondent concedes that he did not advise Zander of any potential conflict of interest or advise him to consult independent counsel. He also admits that he did not fully disclose his financial distress.

{¶ 5} Respondent continued to represent Zander in various commercial and personal transactions after receiving the loan and giving Zander the promissory note. Approximately one year before the note came due, Zander passed away. Respondent then represented Zander's son as executor of the Zander estate.

{¶ 6} Respondent opened the Zander estate in the Lucas County Probate Court and included the promissory note in the schedule of assets as a receivable. Though listed as indebted to the Zander estate, respondent admittedly did not advise the executor of any potential conflict of interest emanating from his duties as the estate's legal representative. Respondent eventually did advise the executor to consult independent counsel about the conflict; however, he did not do so when he opened the estate.

{¶ 7} Respondent paid the $25,000 loan principal to the executor in early September 2008, more than four years after it was due. The executor waived interest on the loan and accepted the principal as payment in full.

2

**{¶ 8}** Based on these facts, the board found that respondent had violated DR 5-101(A)(1) and 5-104(A) in continuing to represent Zander and his estate without first obtaining his client's and the executor's consent after explaining the attendant risks of their conflicting interests. We accept these findings of misconduct.

### Sanction

**{¶ 9}** In determining the appropriate sanction, the board weighed mitigating and aggravating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found as an aggravating factor that respondent had committed more than one offense. See BCGD Proc.Reg. 10(B)(1)(d). In mitigation, the board found that respondent has no prior disciplinary record and had displayed a cooperative attitude throughout the proceedings. BCGD Proc.Reg. 10(B)(2)(a) and (d). Moreover, respondent established his excellent character and reputation apart from the underlying misconduct with the testimony of three witnesses: two attorneys and the judge of the Lucas County Probate Court, who testified pursuant to a subpoena.

**{¶ 10}** We accept these findings and the recommendation for a six-month suspension, all stayed. Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the condition that he commit no further professional misconduct. If respondent violates this condition, the stay will be lifted, and respondent will serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Schindler, Neff, Holmes, Schlageter & Mohler, L.L.P., and Martin E. Mohler, for respondent.

_____