**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cincinnati Bar Assn. v. Robertson,* **Slip Opinion No. 2016-Ohio-654.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-654

CINCINNATI BAR ASSOCIATION *v.* ROBERTSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cincinnati Bar Assn. v. Robertson,* Slip Opinion No. 2016-Ohio-654.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Stayed six-month suspension.*

(No. 2015-1312—Submitted September 15, 2015—Decided February 25, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-068.

_____

**Per Curiam.**

{¶ 1} Respondent, David Franklin Robertson Jr. of Cincinnati, Ohio, Attorney Registration No. 0074030, was admitted to the practice of law in Ohio in 2001. Relator, Cincinnati Bar Association, has charged him with professional misconduct arising out of his representation of a client in the probate court of Hamilton County. Based on the parties' stipulations and the evidence presented at

the panel hearing of the Board of Professional Conduct, the board recommends that we sanction him with a stayed six-month suspension. Neither party has filed objections to the board's report, and based on our independent review of the record, we accept the board's findings of misconduct and agree with the recommended sanction.

**Misconduct**

{¶ 2} In July 2012, Deborah Lewallen retained Robertson to represent her as the executor of her father's estate. Three of Lewallen's siblings and seven of the decedent's grandchildren—who were also beneficiaries of the estate—thereafter attempted to remove Lewallen as executor and filed objections to the estate inventory, arguing that Lewallen and her husband had improperly removed items from the estate. Upon Lewallen's request, Robertson also agreed to defend her and her husband against her family members' objections and attempt to remove her as executor.

{¶ 3} Robertson, however, failed to explain to Lewallen that his representation of her and her husband in their personal capacities created a conflict of interest. Specifically, the board found that "[t]o the extent the claims of the Lewallen's [sic] other family members implicate[d] potential wrongdoing that would diminish the estate, Respondent [could] not simultaneously discharge his duty of undivided loyalty to the estate while undertaking a similar duty to the alleged wrongdoer." Accordingly, the parties stipulated and the board found that Robertson's dual representation of Lewallen in her individual capacity and in her role as fiduciary of the estate violated Prof.Cond.R. 1.7(b) (prohibiting a lawyer from accepting or continuing representation of a client if a conflict of interest would be created, unless the affected client gives informed consent in writing).

{¶ 4} The family members eventually withdrew their request to remove Lewallen, and due to the extensive litigation, Robertson filed applications with the probate court for partial payment of attorney fees. A local rule, however, required

that attorney fees for the administration of an estate be paid at the time of the fiduciary's final account and with prior court approval. Accordingly, the judge held Robertson's applications in abeyance until the estate was ready to be closed.

**{¶ 5}** Notwithstanding the local rule and the court's order, Robertson asked Lewallen for payment of his fees, with the understanding that the estate would eventually reimburse her when it was terminated. Between March and July 2013, she paid $17,820 to Robertson and $5,500 to an attorney who had assisted him. However, in October 2013, the court awarded Robertson only $14,000 in fees for activities conducted on behalf of the estate. Prior to filing the final account, Robertson endorsed an estate check for $14,000 and then delivered those funds to Lewallen. When he filed the final account, he did not report that Lewallen had paid $23,320 in attorney fees and, instead, reported only that $14,000 in attorney fees had been paid.

**{¶ 6}** The parties stipulated and the board found that by accepting attorney fees that had not yet been approved by the court, as required by local rule, Robertson violated Prof.Cond.R. 3.4(c) (prohibiting a lawyer from knowingly disobeying an obligation under the rules of a tribunal). Similarly, the board found that by accepting attorney fees without court approval and by filing documentation in the court that inaccurately reported the amount of attorney fees he had received, Robertson also violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

**{¶ 7}** We agree with these findings of misconduct.

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the sanctions imposed in similar cases, and the aggravating and mitigating factors listed in Gov.Bar R. V(13).

**{¶ 9}** In this case, the board concluded that the following mitigating factors were applicable: Robertson had no prior discipline; he made restitution by reimbursing Lewallen the additional $9,320 in fees that she had paid to him and his associate; and he fully cooperated in the disciplinary process. *See* Gov.Bar R. V(13)(C)(1), (3), and (4). In addition, the board acknowledged that despite the local rule, some of Robertson's courtroom discussions with the judge created ambiguity regarding how to bill for his time. The board found no aggravating factors.

**{¶ 10}** To support its recommended sanction, the board cites *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, 965 N.E.2d 268. In that case, we imposed a stayed six-month suspension on an attorney who (1) had a conflict of interest by representing both a proposed ward and the ward's niece in a guardianship proceeding, (2) engaged in conduct that was prejudicial to the administration of justice by using her power of attorney over the proposed ward's affairs to pay her own attorney fees, without first obtaining court approval, and (3) charged a clearly excessive fee. In sanctioning the attorney, we emphasized that no matter how well-intentioned an attorney's motive is, the professional conduct rules prohibit representation of clients with adverse interests, unless certain exceptions apply, including informed consent of each affected client. *Id.* at ¶ 12-13.

**{¶ 11}** We agree with the board that *Parisi* is instructive. Similar to the attorney in that case, Robertson's dual representation resulted in a conflict of interest, and he accepted attorney fees without court approval. Therefore, a similar sanction is warranted here. And as the board noted, no matter how well-intentioned Robertson was, he should have recognized that he had created a conflict not only by accepting representation of Lewallen in her individual capacity—after having already agreed to represent her as fiduciary of the estate—but also by spending a significant amount of time defending against the allegations asserted by the estate's

4

other beneficiaries. *See also Disciplinary Counsel v. Dettinger*, 121 Ohio St.3d 400, 2009-Ohio-1429, 904 N.E.2d 890 (imposing a stayed six-month suspension on an attorney who borrowed money from a client without disclosing the inherent conflict of interest or advising the client or—upon the client's death, his executor—to seek independent counsel).

### Conclusion

**{¶ 12}** Having considered the ethical duties violated, the mitigating factors, the absence of any aggravating factors, and the sanctions imposed in comparable cases, we accept the board's recommended sanction. David Franklin Robertson Jr. is hereby suspended from the practice of law for six months, with the suspension stayed in its entirety. Costs are taxed to Robertson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Vincent A. Salinas Sr., Howard M. Schwartz, and Edwin W. Patterson III, General Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Jonathan E. Coughlan, for respondent.

_____